OPINION AND JOURNAL ENTRY
This original action in prohibition is the result of a directive issued by this Court in Case No. 05-JE-47, captionedState v. Palmer, to designate a certain paper filed in that case as an action in prohibition and assign it a separate case number. For the reasons that follow we dismiss this petition, as Relator is pursuing an appeal from the order sought to be prohibited and the action is otherwise moot.
The Clerk's docket record for underlying Common Pleas Case No. 04CR194, captioned State v. Palmer and related appeals springing therefrom is instructive to understand what has transpired to date.
In Appeals Case No. 04-JE-41 this Court ordered a resentencing hearing after determining that the sentencing did not comport with Ohio's felony sentencing statutes. State v. Palmer (Feb. 17, 2006), 7th Dist., 2006-Ohio-749. The trial court set the matter for resentencing. However, the Ohio Supreme Court then decided the case of State v. Foster (2006), 109 Ohio St.3d 1, which found certain parts of the felony sentencing statutes to be unconstitutional. The trial court then issued an order on March 1, 2006, dismissing the resentencing hearing. It reimposed the original sentence without a hearing.
Such action by the trial court prompted Relator to file a pleading on March 15, 2006 in Appeals Case No. 05JE47, asserting the denial of due process by his nonattendance at the resentencing hearing. It is this filing which was extracted from the record of Appeals Case No. 05JE47 and given this case number as an action in prohibition.
However, the criminal docket for the trial court reveals that the trial court then rescheduled the resentencing hearing and had Petitioner transported back to Jefferson County to attend the resentencing hearing. On April 11, 2006 Relator was resentenced.
Relator then filed a notice of appeal directed to the resentencing order. (Appeals Case No. 06JE20).
In order to obtain a writ of prohibition, a relator must prove:
(1) that the court or officer against whom the writ is sought is about to exercise judicial or quasi-judicial power;
(2) that the exercise of that power is unauthorized by law; and
(3) that denying a writ will result in injury for which no other adequate remedy exists in the ordinary course of law.
State ex rel. White v. Junkin (1997), 80 Ohio St.3d 335.
In this case it cannot be questioned that Respondent has the authority to issue a resentencing order pursuant to this Court's mandate.
Second, Respondent had already issued a resentencing order prior to this case being assigned a separate case number. Consequently, the request for relief is moot as the Respondent has undertaken a lawful action. Moreover, the Respondent rescheduled the resentencing hearing and conducted it with Relator present. There is no further relief which this Court could provide, as the Respondent has granted the relief requested in this petition.
Finally, Relator has a direct appeal pending from the resentencing order (Appeals Case No. 06JE20) and any claimed error in the resentencing could be raised in that appeal. Relator does not meet any of the criteria to be entitled to relief through prohibition.
For all the above stated reasons this action in prohibition is dismissed. Costs taxed against Relator.
Final order. Clerk to serve notice as provided by the civil rules.
Donofrio, P.J., concurs, Vukovich, J., concurs, DeGenaro, J., concurs.